**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50485 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-02580-JAH-2 |
| v. | |
| JEFFREY LEE MITCHELL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and submitted December 10, 2010
Pasadena, California

Before: PREGERSON and M. SMITH, Circuit Judges, and HOLLAND, Senior
District Judge.[**]

Jeffrey Lee Mitchell appeals his conviction by a jury of one count of

conspiracy to distribute anabolic steroids in violation of 21 U.S.C. §§ 841(a)(1),

846 and one count of conspiracy to launder money in violation of 18 U.S.C. §§

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable H. Russel Holland, Senior United States District Judge
for the District of Alaska, sitting by designation.

1956(a)(1)(A)(i), (a)(1)(B)(i), (a)(2)(A), and (h). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, and we affirm.

Mitchell first argues that the trial court erred in denying his Federal Rules of Criminal Procedure Rule 29 motion. Although he waited until the government had completed its case-in-chief to make a Rule 29 motion, Mitchell did not waive his right to object to venue because the alleged defect in venue was not clear on the face of the indictment. *See United States v. Johnson*, 297 F.3d 845, 861 (9th Cir. 2002). The trial court did not err in denying the Rule 29 motion. Mitchell had joined the conspiracies by the time payment was accepted from, and steroids were shipped to, Agent Heinz in San Diego in late February/early March 2007. Because an overt act in furtherance of the conspiracies occurred in San Diego, venue was proper in the Southern District of California. *See United States v. Angotti*, 105 F.3d 539, 545 (9th Cir. 1997); 18 U.S.C. § 1956(i)(2).

Mitchell next argues that the trial court erred in allowing Alvero Lividini, one of the government's rebuttal witness, to testify telephonically in the middle of Mitchell's defense. While it was a Confrontation Clause violation to allow this telephonic testimony, counsel did not object on Confrontation Clause grounds, and the error was harmless. *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005). Lividini's testimony was cumulative, equivocal, and may have even

2

partially supported Mitchell's theory of the case. *See United States v. Larson*, 495 F.3d 1094, 1107-08 (9th Cir. 2007). In addition, the other evidence of Mitchell's guilt was overwhelming. *Id*. at 1108.

Third, Mitchell argues that trial court abused its discretion by admitting the facts of his prior drug conviction under Rule 404(b), Federal Rules of Evidence. "Other act evidence is admissible if it '(1) tends to prove a material point in issue; (2) is not too remote in time; (3) is proven with evidence sufficient to show that the act was committed; and (4) if admitted to prove intent, is similar to the offense charged.'" *United States v. Hollis*, 490 F.3d 1149, 1153 (9th Cir. 2007) (quoting *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002)). Mitchell concedes that the third prong of the Rule 404(b) admissibility test was met. The other three prongs were met as well. The evidence tended to prove that Mitchell was not an unwitting accomplice, as he contended. *See United States v. Howell*, 231 F.3d 615, 628 (9th Cir. 2000). The 1999 offense was not too remote in time, *see United States v. Iverson*, 162 F.3d 1015, 1027 (9th Cir. 1998), and the 1999 conviction for smuggling ecstasy had sufficient similarities to the conspiracy to distribute steroids offense which was charged.

Mitchell's argument that the trial court did not balance this evidence under Rule 403, Federal Rules of Evidence, fails. The trial court excluded this evidence

3

pre-trial but then, on reconsideration during the trial, it allowed the evidence to be introduced. This sequence suggests that the trial court considered the Rule 403 requirements. *See United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008) (noting that it is sufficient if this court can determined from its review of the record that the trial court considered Rule 403's requirements). The trial court also reduced the risk of unfair prejudice by giving a limiting instruction before the evidence was admitted, after it was admitted, and during jury instructions. *Id*.

Finally, Mitchell's argument that the cumulative errors denied him a fair trial fails. While the cumulative effect of errors can be so prejudicial as to warrant reversal even though none of the individual errors rise to the level of reversible error, *United States v. Payne*, 944 F.2d 1458, 1477 (9th Cir. 1991), the only error here was the harmless error in allowing Lividini to testify by telephone.

AFFIRMED.